THE STATE OF OHIO, APPELLEE, *v.* JAMES; BULLOCK, APPELLANTS. (Two Cases).

(Nos. 1-74-32 and 1-74-33—Decided October 30, 1974.)

*Mr. Scott Morris*, city prosecutor, for appellee.

*Messrs. Kuhn, Wise, Maurer & Bernstein*, for appellant.

GUERNSEY, P. J. Each of the defendants, appellants herein, was charged in the Municipal Court of Lima with a

violation of R. C. 4511.251 prohibiting drag racing. Their cases were consolidated for trial in the municipal court and were consolidated for hearing in this court.

A state patrol officer testified at trial that he observed them on N. Sugar Street in Lima, Ohio at about 2:50 A. M. on the morning of March 19th, 1974. North Sugar Street, at all points in question is a four lane road, with two northbound and two southbound lanes. The patrolman testified that when first observed Bullock was driving in the right northbound lane and James was driving in the left northbound lane opposite Bullock and at a low rate of speed ("seemed to be setting there with both of them side by side"), that they proceeded to accelerate to an unknown speed and then slowed down, that when he "come in behind them they were in the vicinity of thirty miles per hour," then accelerated again to "in excess of seventy miles per hour" clocked by the speedometer in the patrol car, that toward the end of Sugar Street Road, James pulled into the right lane in front of Bullock, neither stopped for the stop sign on Sugar St. at the Bluelick Road, both turned left onto Bluelick Road where James (with his back wheels spinning at the time) went off the left side of the road striking a brick wall, that from the original point of acceleration to the north end of Sugar Street where James passed Bullock the two drivers traveled side by side.

The gist of defendants' testimony was to the effect that although they were acquainted they had no prearranged or concurrent agreement to drag race, that in fact they were not engaging "in a competitive attempt to out-distance each other," that they only coincidentally traveled side by side while James was engaged in passing Bullock, and that they did not travel as fast as the state patrolman testified.

On this evidence the court, without a jury, found them guilty of drag racing and sentenced the defendants. It is from this judgment that the defendants appeal and state as their assignment of error:

"* * * that there was not sufficient evidence presented by the State of Ohio at the trial to establish beyond a rea-

sonable doubt that there existed a competitive attempt between the Defendants-Appellants to out-distance each other, that the evidence presented by the State would in fact support a second theory which is inconsistent with that of a competitive attempt on the part of both Defendants-Appellants and that the trial court as the trier of law and fact therefore erred in rendering a judgment of guilty against the Defendants-Appellants for violation of 4511.251 of the Ohio Revised Code.''

R. C. 4511.251 provides among other things:

''(A) Drag racing is defined as the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other * * *. The operation of two or more vehicles side by side either at speeds in excess of prima facie lawful speeds established by * * * section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima facie evidence of drag racing.''

Credibility of the witnesses was for the trial court in the absence of a showing that it failed to properly apply the evidence in determining credibility. The court, within its sound discretion, was permitted to believe the state patrolman and to disbelieve the defendants and it is apparent that that is the choice which the court made. Believing the testimony of the state patrolman there was sufficient credible evidence of probative value both to create a prima facie case under the statute or to permit an inference to be made from the facts established by such testimony that the defendants were engaging in a competitive attempt to out-distance each other. So considered the evidence could withstand the test of proof beyond a reasonable doubt. See dissenting opinion, *State* v. *Lippi*, 116 Ohio App. 123, 129.

Even if we were to conclude, which we do not find necessary to do here, that the introduction of evidence tending to overcome the prima facie case created by statute would cause the prima facie case thus created to disappear, the facts which created the prima facie case still remain in

evidence and may be considered with or without other relevant and competent evidence to permit the inference of a competitive attempt by each driver to out-distance the other. We specifically overrule, therefore, so much of the decision in *State* v. *Lippi, supra* (heretofore decided by this court), expressed in the majority opinion thereof which purports to hold that where, in the trial of a criminal case on a charge, under R. C. 4511.251, of drag racing, a prima facie case is established by the testimony of the arresting police officer, and the defendant offers evidence specifically denying that he was drag racing, a judgment of conviction is against the manifest weight of the evidence.

The record does not, therefore, affirmatively show that the trial court committed prejudicial error as set forth in the assignment of error.

*Judgment affirmed.*

COLE and MILLER, JJ. concur.