OPINION
{¶ 1} Defendant-appellant Jamie Mattix ("Mattix") brings this appeal from the judgment of the Municipal Court of Wyandot County finding Mattix guilty of street racing.
 {¶ 2} On September 13, 2002, Mattix and Andrew Thomson ("Thomson") both stopped at a red light in Upper Sandusky. They were traveling on a four lane highway with two lanes traveling Northbound. Mattix noticed that Thomson looked in her direction, which made her "feel uncomfortable." When the light turned green, both Mattix and Thomson pulled away from the light and accelerated. Their vehicles were traveling side by side, exceeding the posted speed limit of 25 mph. Officer Andrew Silcox ("Silcox") of the Upper Sandusky Police Department was stopped at an intersection further up the road. He testified that upon hearing tires squealing and engines racing, he pulled forward in order to see down the road. He then saw the two cars coming towards him. Silcox testified that he got a radar reading on one of the vehicles, but he was not sure which one. The radar reading showed the vehicles to be traveling at a speed of 46 mph and accelerating to 50 mph. Silcox testified that the vehicles did not slow down until they reached the point where the lanes merged. At that point, Thomson, who was in the right hand lane, slowed his vehicle to avoid hitting other vehicles parked alongside the road. Silcox ordered Thomson to pull over and wait for him. He then went and stopped Mattix. Silcox then cited both drivers for street racing. Neither driver was cited for speeding or any other traffic offense.
 {¶ 3} On December 26, 2002, the matter came to trial, with both Thomson and Mattix being tried in the same proceeding. At trial, Silcox testified to the above facts. He testified that at the time, Thomson's only statement was that he was having a bad day. Mattix's statement was that she just wanted to get away from Thomson because she was uncomfortable with the way he had looked at her. Silcox also testified that both Thomson and Mattix denied knowing each other or ever having spoken. Silcox did not ask either party what their intent had been.
 {¶ 4} Thomson then testified that he had glanced at the Mattix's car while at a stop light and had not made eye contact with Mattix. He testified that he told the passenger in his car, Emily Neidercore, ("Neidercore") that it was a nice car. He then proceeded down the street without paying any more attention to Mattix. He admitted that he knew the lanes merged further up and he wanted to speed up to get in front of Mattix, but then realized that he could not do so. At that time, he slowed down to get behind Mattix, noticed Silcox's lights behind him and pulled to the side of the road. He testified that he had never met Mattix prior to the trial and at no point had he intended to race Mattix. This testimony was corroborated by the testimony of Neidercore.
 {¶ 5} Mattix testified that she had pulled up to the light and thought she saw Thomson looking at her. This behavior made her feel uncomfortable, so she decided to get away from Thomson. Mattix testified that she did not notice Neidercore in the car, which would have alleviated her fears. Mattix stated that she was accelerating to beat Thomson to the spot where the lanes merged so that she could be ahead of him. She stated that she wanted to get away from him and that is the method she used at the time. Mattix also testified that she had never met Thomson prior to the trial and had never intended to race him in a competitive manner.
 {¶ 6} At the conclusion of all of the testimony, the trial court found Mattix and Thomson guilty. Both parties were sentenced to 30 days in jail (suspended), $150 fine plus court costs, a 90 day license suspension with driving privileges after 30 days, and six points on their licenses.
 {¶ 7} Mattix appeals the trial court's finding of guilt and raises the following assignment of error.
 The trial court erred in finding [Mattix] guilty of street racing, because the State failed to prove beyond a reasonable doubt that Mattix was engaged in a competitive attempt to out distance another driver as defined in [R.C. 4511.251].
{¶ 8} The assignment of error addresses the weight of the evidence.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weight the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. The crime charged in this case was street racing, a violation of R.C. 4511.251.
 "[S]treet racing" means the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, involving competitive accelerations or speeds. * * * The operation of two or more vehicles side by side either at speeds in excess of prima-facie lawful speeds established by division (B)(1)(a) to (B)(7) of section 4511.21 of the Revised Code or rapidly accelerating from a common starting point to a speed in excess of such prima facie lawful speeds shall be prima-facie evidence of street racing.
R.C. 4511.251(A).
 {¶ 9} In this case, the testimony of Silcox established a prima facie case of street racing. Although the testimony of Mattix and Thompson contradicted the prima facie case, the trial court could choose to disbelieve their testimony and rely upon the evidence which established the prima facie case. The determination of credibility of witnesses is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. State v. James (1974),41 Ohio App.2d 147, 324 N.E.2d 301. A review of the evidence in this case shows that there was evidence to support the trial court's finding of guilt. Although this court may have decided this case differently given the same facts, we do not find that the trial court abused its discretion in ruling as it did or that the verdict was against the weight of the evidence. Therefore, the assignment of error is overruled.
 {¶ 10} The judgment of the Municipal Court of Wyandot County is affirmed.
Judgment affirmed.
 SHAW and CUPP, JJ., concur.